United States Court of Appeals,

Fifth Circuit.

No. 93-8354.

Moses MACIAS, Jr., Plaintiff-Appellant,

v.

RAUL A. (UNKNOWN), BADGE NO. 153, and Richard Gleinser, Captain,
Defendants-Appellees.

June 16, 1994.

Appeal from the United States District Court for the Western
Division of Texas.

Before WISDOM and BARKSDALE, Circuit Judges, HARMON,[1] District
Judge.

RHESA HAWKINS BARKSDALE, Circuit Judge:

This appeal turns primarily on the extent to which we are
required to go beyond the allegations for an *in forma pauperis, pro
se* complaint, and speculate as to the facts that the plaintiff
might allege if given yet another opportunity to assert a
nonfrivolous claim. This civil rights action by Moses Macias, Jr.,
arises out of two traffic citations that he received, and was
dismissed pursuant to 28 U.S.C. § 1915(d). Because we hold that
the district court did not abuse its discretion in so doing, we
AFFIRM.

I.

Proceeding *pro se* and *in forma pauperis,* Macias filed his
complaint in March 1993, apparently attempting to state claims
arising from an incident that occurred in 1992, in Bexar County,

---

[1]District Judge for the Southern District of Texas, sitting
by designation.

1

Texas, when he was stopped by a San Antonio police officer because his automobile tail light was not operating, and given one or more traffic tickets. As set forth below, neither Macias's description of the events that transpired then, nor his claim for relief, is clear. Of course, in determining whether the district court abused its discretion in dismissing the complaint, we construe those allegations liberally.

Macias's complaint, filed against (1) San Antonio officer Raul A. (Unknown), Badge No. 153, (2) Police Captain Richard Gleinser, and (3) Municipal Courts, San Antonio, Texas, alleged that he was stopped by the officer because the right tail light lens of his car was out; that he was unaware of the defective light until the stop; and that liability insurance is not admissible, under the Federal Rules of Evidence, as to whether that person acted negligently. As relief, Macias requested that the decision of the defendant be reversed; that he recover the cost of the action; and that the court grant such other relief as it deemed appropriate.

After his complaint was filed, Macias completed a questionnaire provided by the magistrate judge to clarify his allegations. In it, Macias was asked to "describe in detail the facts and circumstances which substantiate the allegations" in the complaint. Macias responded with the arguments that a person's lack of knowledge is a defense to prosecution; that evidence of liability insurance is not admissible under the Federal Rules of Evidence; and that liability insurance is unconstitutional.

2

In response to the request to state "exactly what it is that [Raul A.] either did or failed to do that you believe gives you the right to recover judgment against him," Macias stated: "First of all, Moses Macias, Jr. was [ ]unaware of any wrongdoing, and it is a defense to prosecution. See 8.02, 8.03 Penal Code. Also, Liability insurance is not a federal statute." And, in response to the request to state what Captain Richard Gleinser did or did not do, Macias stated:

> Municipal Court issued a warrant for my arrest for two tickets, improper lights tail lamp lens, and no valid liability insurance. Since Captain Richard Gleinser signed the warrant/capias pro fine Notice, I assume he should be served or the Clerk of the Municipal Court, whichever is proper.

When requested to describe his injuries, Macias stated:

> Humiliation, Embarrassment, just because the lens was out. I, Moses Macias, Jr., was ordered around to stand in different positions, was also search[ed] outside the car without any probable cause. Search and seizure laws are very strict. An officer needs a warrant and the Warrant has to be specific on where to search and the officers needs probable cause, an affidavit made by oath, by a witness describing exactly where to search.[2]

Macias stated further that the damages he sought were the result of a policy, practice or custom of Bexar County, which he described as "common law". When asked about a San Antonio policy, practice or custom, Macias stated that "state law and federal law state that there should be no unnecessary force, or excessive force, section 9.51. There should be no coercion".

---

[2]Macias also cited a case, apparently as authority for his claim for damages. That case, *Sabich v. Outboard Marine Corp.,* 60 Cal.App.3d 591, 131 Cal.Rptr. 703 (1976), is a products liability action concerning all-terrain vehicles.

The magistrate judge recommended dismissal pursuant to §
1915(d), concluding that the two individual defendants were
entitled to qualified immunity, and that Macias had failed to
identify or make factual allegations of any policy, practice, or
custom by either San Antonio or Bexar County.  The magistrate judge
concluded also that Macias named the wrong defendant in his
assertion of the unconstitutionality of the Texas requirement of
proof of liability insurance, and that Texas courts had upheld its
constitutionality.

Macias filed objections to the magistrate judge's report and
recommendation.  Concerning the alleged search, he stated that

> the officer violated statutory and constitutional rights by
> searching Moses Macias, Jr. without any probable cause.  An
> officer needs a warrant and the warrant has to be specific, on
> where to search and the officer needs probable cause, an
> affidavit made by oath, by a witness describing exactly where
> to search.

But, after de novo review, the district court accepted the
recommendation, and dismissed the complaint without prejudice.

II.

An IFP complaint may be dismissed as frivolous if it lacks an
arguable basis in law or fact.  28 U.S.C. § 1915(d); *Denton v.
Hernandez,* --- U.S. ----, ----, 112 S.Ct. 1728, 1733, 118 L.Ed.2d
340 (1992).  Section 1915(d) "accords judges not only the authority
to dismiss a claim based on an indisputably meritless legal theory,
but also the unusual power to pierce the veil of the complaint's
factual allegations and dismiss those claims whose factual
contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S.
319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).  And, in

4

determining whether the complaint is frivolous, the district court is given broad discretion. *Thompson v. Patteson,* 985 F.2d 202, 205 (5th Cir.1993). We review such dismissals only for abuse of that discretion. *Denton,* --- U.S. at ----, 112 S.Ct. at 1734.

Although we construe IFP complaints liberally, particularly in the context of a § 1915(d) dismissal, we are still bound by the allegations in the complaint, and are not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to add more facts to the complaint. In an effort to ensure that IFP claims are developed adequately, our circuit has encouraged district courts to hold hearings or provide questionnaires to IFP plaintiffs. *Parker v. Carpenter,* 978 F.2d 190, 191 & n. 2 (5th Cir.1992). This opportunity to expand the claims and underlying facts (with guidance from the district court through questioning at a hearing or a questionnaire tailored to the plaintiff's claims) limits our license to engage in speculation as to the existence of additional facts. For example, if an IFP plaintiff, in "amending" his complaint through a response to a questionnaire, alleges in that response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to

assert a claim that the denial was in retaliation for his having filed a grievance.

Therefore, in considering this appeal, we keep in mind that Macias amended his complaint by his responses to written questions from the magistrate judge, questions that were specifically tailored to elicit relevant facts that might support his claims. And, Macias had an opportunity further to clarify his claims by his objections to the magistrate judge's report and recommendation. (But, as discussed *infra,* clarifying his claims in his objections does not constitute amending his complaint.) Even construing these matters liberally, as we must, they cannot be interpreted as raising anything other than a frivolous claim.

Macias's brief on appeal (which is a copy of his two-page objection to the report and recommendation) is, like his complaint, vague and unclear. Read most favorably to him, he raises three issues: (1) the propriety of qualified immunity in the context of a Fourth Amendment claim; (2) the constitutionality of the Texas statute requiring proof of automobile liability insurance; and (3) the viability of his suit against the San Antonio Police Department.[3]

## A.

Macias maintains that the police officers cannot assert qualified immunity as to the claimed illegal search. "Whether a

---

[3]If he has previously asserted any other issues, they are deemed abandoned on appeal. *E.g., Beasley v. McCotter,* 798 F.2d 116, 118 (5th Cir.1986), *cert. denied,* 479 U.S. 1039, 107 S.Ct. 897, 93 L.Ed.2d 848 (1987).

government official is entitled to qualified immunity generally turns on the objective reasonableness of the action assessed in light of the legal rules that were clearly established at the time it was taken." *White v. Taylor,* 959 F.2d 539, 544 (5th Cir.1992) (citations and internal quotations omitted). "A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is "clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). We have interpreted *Siegert* as first requiring the determination whether the plaintiff has stated a constitutional violation before reaching the qualified immunity issue. *White,* 959 F.2d at 545 n. 4.

Macias concedes that the officer was justified in making the traffic stop, but apparently objects to a search that allegedly took place in conjunction with the unobjectionable stop.[4] Significantly, as described above, the search was not mentioned in either his complaint or his response to the magistrate judge's request that he state the facts supporting his claim. Further, Macias did not attempt to describe the nature of the search in either the objections to the report and recommendation or his

---

[4]In his objection to the magistrate judge's report and recommendation, as well as in his identical brief on appeal, Macias states: "Sure[,] Officer Raul A. was justified in stopping [me]...."

appeal brief.[5]  The only reference in any of the papers that Macias has filed that could even possibly be interpreted as a description of that search is one line in the questionnaire in his discussion of his damages, where he stated that he "was ordered around to stand in different positions, was also search[ed] outside the car without any probable cause."  If Macias ever attempted to state a claim objecting to this "search", this is all the information that he included about it.

It is well-established that, in a valid traffic stop (as noted, Macias concedes its validity), an officer may request the offender to exit the vehicle, *Pennsylvania v. Mimms,* 434 U.S. 106, 107, 98 S.Ct. 330, 331, 54 L.Ed.2d 331 (1977), and "request a driver's license, insurance papers, vehicle registration, run a computer check thereon, and issue a citation."  *United States v. Shabazz,* 993 F.2d 431, 437 (5th Cir.1993).  Therefore, it is clear that Macias has failed to allege a constitutional violation with respect to the stop of his vehicle, the possible request for proof of liability insurance, or the possible order that he exit his vehicle.[6]

_____

[5]Even if Macias had offered additional facts in his objections, those facts would not constitute an amendment to his complaint or otherwise remedy the flaws discussed herein.  Macias was provided with ample opportunity to explain the factual basis of his claims through the questionnaire.  Section 1915(d) does not require that these opportunities must repeatedly be made available.  *See Graves v. Hampton,* 1 F.3d 315, 318 n. 12 (5th Cir.1993) (distinguishing Rule 12(b) dismissal which generally requires opportunity to amend).

[6]We note that, in light of the ambiguities contained in the complaint, as amended, we cannot say for certain that Macias was in fact requested to present proof of liability insurance or that

8

The only question remaining, then, is whether Macias has stated a constitutional violation with his bare reference to an improper "search". Again, his complaint did not mention the search; neither did he address it in response to the magistrate judge's inquiry as to the facts supporting his claim. Therefore, based solely on these two items, we could conclude that Macias has not even attempted to assert any Fourth Amendment claim.

It was only in the context of describing his damages that, in the questionnaire, Macias even alluded to the alleged "search" and then provided absolutely no factual details. The bare allegation of a search is conclusory and does not support an action under 42 U.S.C. § 1983. *See Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir.1992). Indeed, it is only because we are construing Macias's pleadings liberally that we even consider whether this issue has been raised in the pleadings. In light of the various opportunities that Macias had to illuminate his claim that he was "searched", and his failure to provide any more than the bare allegation that a "search" occurred, we conclude that he has not asserted a constitutional violation. Accordingly, the district court did not abuse its discretion in dismissing this claim.

B.

Macias next argues that the Texas statute requiring proof of automobile liability insurance is unconstitutional because no federal law or constitutional provision addresses the issue and

_____

he was ordered to leave the vehicle. In any event, *if* Macias attempted to state a non-frivolous claim on these points, he has not done so.

9

because that statute restricts his freedom to purchase. See Tex.Rev.Civ.Stat. art. 6701h (West Supp.1993). Needless to say, the authority of a State to create and enforce its laws and regulations under its police power is well-established. *See, e.g., Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926) (discussing scope of police power in context of zoning ordinance); *Texas Learning Technology Group v. Commissioner,* 958 F.2d 122, 124 (5th Cir.1992) (power to tax, power of eminent domain and police power are generally acknowledged sovereign powers). The Texas courts have specifically upheld the insurance statute as being a proper exercise of that power. *Riggle v. State,* 778 S.W.2d 127, 129-30 (Tex.App.1989).

As for the assertion concerning Macias's right to choose, "[t]here exists no constitutional protection of any freedom of choice regarding the decision to purchase or not [to] purchase automobile liability insurance." *Hardin v. Texas,* 983 F.2d 1064 (5th Cir.1993) (unpublished). This claim clearly lacks an arguable basis in law; the district court did not abuse its discretion in dismissing it.

C.

Macias's brief on appeal can also be read to challenge the district court's dismissal of his claims against the San Antonio Police Department. In order to establish liability on the part of this defendant, Macias was required to "demonstrate a policy or custom which caused the constitutional deprivation." *Colle v. Brazos County,* 981 F.2d 237, 244 (5th Cir.1993). One that would

10

satisfy this element of proof is a "policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir.1984) (en banc). Macias, however, has not identified any;[7] his claim against the City, therefore, has no arguable basis in fact. The district court did not err in dismissing this claim.

## III.

For the foregoing reasons, the judgment is

AFFIRMED.

WISDOM, Circuit Judge, dissenting in part:

I respectfully dissent from part II.A of the majority's opinion. In this part the Court holds that Macias's Fourth Amendment claim was frivolous. The majority's primary rationale is that Macias's factual allegations about the search did not appear in his original complaint or in his response to the magistrate judge's request that he state the facts supporting his claim. The majority acknowledges that Macias complained about the search in another part of his response to the magistrate's questionnaire, but discounts his claim because he did not press it on the pages where the majority expected to find it. The facts Macias pleads, not the

---

[7]In response to the magistrate judge's questionnaire, Macias said that his damages were the result of a policy, practice or custom of San Antonio, but identified that policy as a prohibition against excessive force by state and federal law. Such a policy certainly did not cause his alleged constitutional deprivation.

11

page on which he pleads them, should control.

With deference, I disagree with the majority's statement that Macias made only a "bare allegation" of a search.  Macias alleges that he was searched,[1] after a traffic stop,[2] without a warrant or probable cause,[3] by an officer he identified by name, badge number,[4] and physical description,[5] as a result of which he was not arrested[6] or charged with any crime.[7]  These factual allegations are not " "fanciful,' ... "fantastic,' ... "delusional,' ... irrational or ... wholly incredible...."[8]  To describe these statements as a "bare allegation"[9] of a search is not, in my opinion, consistent

---

[1]Court's Questionnaire to Plaintiff at 7, Rec. 26.

[2]*Id.* at 2, Rec. 21.

[3]*Id.* at 7, Rec. 26.

[4]*Id.* at 6, Rec. 25.

[5]*Id.* at 5, Rec. 24.

[6]*Id.* at 4, Rec. 23.

[7]*Id.*

[8]*Denton v. Hernandez,* 504 U.S. ----, ----, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340, 350 (1992) (citations omitted).

[9]The precedential basis of majority's "bare allegation" jurisprudence is unpersuasive.  The majority's assertion that "[t]he bare allegation of a search is conclusory and does not support an action under 42 U.S.C. § 1983", *supra* at 4692, cites only *Wilson v. Budney,* 976 F.2d 957 (5th Cir.1992), as supporting authority.  *Wilson* was a two-paragraph opinion that cited only *Hale v. Harney,* 786 F.2d 688 (5th Cir.1986), for the same proposition.  *Hale,* however, was neither a *pro se* case nor an *in forma pauperis* proceeding, and thus was not subject to the rule that a plaintiff's allegations must be liberally construed in his favor.  *Wilson* 's analogy to *Hale* was ill-considered, an error the majority compounds today by extending it beyond the conspiracy context.

with the Court's duty to construe liberally the pleadings in Macias's favor.[10]

The Fourth Amendment forbids unreasonable searches. Because Macias was never arrested, the police officer's search cannot be excused as incident to arrest. It must therefore be analyzed under the framework of *Terry v. Ohio*.[11] If the officer lacked probable cause or a warrant for the search, he may have violated Macias's constitutional rights and will be answerable in damages under § 1983 for the violation.[12] The Fourth Amendment and *Terry* provide the arguable basis in law in which Macias's allegation of a search grounds itself. Because his complaint states a claim with an arguable basis in law, and because the facts he pleaded in support of that claim are not "fanciful" or "delusional", I would hold that the district court abused its discretion in dismissing Macias's Fourth Amendment claim as frivolous.[13]

I respectfully dissent.

---

[10]*Pro se* complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers". *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (internal quotations and citation omitted). They must be "liberally construed". *Id.* at 10, 101 S.Ct. at 176.

[11]392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We have repeatedly confirmed the applicability of the *Terry* analysis to searches for which the police lack probable cause. *See, e.g., United States v. Shabazz,* 993 F.2d 431, 434-35 (5th Cir.1993); *United States v. Rideau,* 969 F.2d 1572, 1573-74 (5th Cir.1992) (en banc).

[12]*See, e.g., Timberlake v. Benton,* 786 F.Supp. 676 (M.D.Tenn.1992).

[13]*Gartrell v. Gaylor,* 981 F.2d 254, 258-59 (5th Cir.1993).

13