**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-11118
(Summary Calendar)

MARVIN LEE BELL,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS; KATHLENE M. HAWK,
Director, Federal Bureau of Prisons;
GEORGE E. KILLINGER, Warden, FCI Fort Worth;
EZAZ, M.D.; D. HASS, Associate Warden;
ANNETTE CURRIER, Infections Disease Control Officer;
WHITLOCK, H.C.U. (Case Manager) FMC; KING, Long
Term Nurse and Assistant; BETTS, Long Term Nurse
and Assistant,

Defendants-Appellees.

Appeal from United States District Court
for the Northern District of Texas
(USDC No. 4:93-CV-608-A)

April 10, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Marvin Lee Bell, a federal prisoner formerly housed at FCI Fort Worth, appeals the district court's dismissal of his complaint brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Bell argued that the conditions of his confinement while he was housed in a special medical-care unit for 237 days violated the Eighth Amendment.

The district court dismissed the complaint based on bell's failure to meet the heightened

_____

Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

pleading requirement, and on 28 U.S.C. § 1915(d).  Bell's pleadings failed to allege the requisite deliberate indifference required to establish an Eighth Amendment violation.  See Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994).  Accordingly, the district court's dismissal under § 1915(d) was not an abuse of discretion.  See Macias v. Raul A. (Unknown), Badge No.153, 23 F.3d 94, 97 (5th Cir.), cert. denied, 115 S. Ct. 220 (1994).

APPEAL DISMISSED.