Joel R. MARICLE, et al., Plaintiffs,

v.

Lana BIGGERSTAFF, Individually and
in her Capacity as Chief of Police of
Commerce, Texas, et al., Defendants.

Civil Action No. 3:97–CV–3029–G.

United States District Court,
N.D. Texas,
Dallas Division.

April 1, 1998.

Robert C. Lyon, Robert Lyon & Associates, Rowlett, TX, Bob Michael Gorsky, Lyon Gorsky, Baskett & Haring, Dallas, TX, for Plaintiffs.

Joe C. Tooley, Law Office of Joe C. Tooley, Dallas, TX, for Defendants.

## MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion of the defendants City of Commerce, Texas ("City") and Lana Biggerstaff ("Biggerstaff," collectively with the City, "defendants") to dismiss the claims against them. For the following reasons, the motion is granted.

### I. BACKGROUND

Seventeen years ago, Justice Powell decried the trivialization of constitutional law in trifling civil rights suits. See *Parratt v. Taylor*, 451 U.S. 527, 554 n. 13, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (Powell, J., concurring). This is such a suit. This case involves the alleged deprivation of the constitutional rights of the plaintiffs Joel R. Maricle, Jeremy Stone, Gabrielle Linton, Jeff Foster, Leonard Ray Harrison, Jeff Jones, Jay E. Lowe, David McCullough, Renador Oaks, Dixie Patapoff, Ella Reynolds Relford, Bobby Ray Reynolds, Jr., Quintis Weatherall, Richard Lynn Wilson, Billy Hightower, and Myreo Sampson (collectively, "plaintiffs"). The plaintiffs claim that they were injured by policies of the defendant City. Plaintiffs' First Amended Original Complaint ("Complaint") at 4. These policies were allegedly designed and implemented by the defendant Biggerstaff as Chief of Police. *Id.*

At various times and under a variety of circumstances from November 1996 through September 1997, City police officers cited each of the plaintiffs for failing to show proof of financial responsibility as required by the Texas Motor Vehicle Safety Responsibility Act ("Act"), Tex. Trans. Code. Ann. § 601.001 *et seq.* (Vernon 1998). *See* Complaint at 6–23. Without exception, each plaintiff admits that he or she failed to provide adequate proof of financial responsibility when stopped. See *id.* As a result of these failures, the City officers refused to allow the plaintiffs to drive their respective vehicles from the scene. *Id.* at 4 (the "Do Not Drive" policy). In all but one instance, the plaintiffs' vehicles were then towed from the scene and impounded. *Id.* (the "Towing" policy). The plaintiffs now claim that the Do Not Drive and Towing policies violated their state and federal constitutional rights and seek actual and exemplary damages totaling over $12,000,000.00. *Id.* at 30.

### II. ANALYSIS

#### A. Standard for Determination under Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiffs could prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994) (citations omitted). The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983).

Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant, here the plaintiffs. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir.1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir.1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir.1991). Based on these facts, the court, in an action brought under 42 U.S.C. § 1983, must first decide whether the plaintiffs' complaint has "assert-

ed a violation of a constitutional right at all." *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

## B. *Federal Claims*

■ Section 1983 of Title 42 of the United States Code provides a private right of action against any person [1] who, under color of state law, deprives another of rights, privileges, or immunities secured by the constitution and laws of the United States. The plaintiffs claim that the Do Not Drive and Towing policies violated their Fourth Amendment right to be free from unreasonable seizures and their Fourteenth Amendment right to due process.

### 1. *Do Not Drive Policy*

■ The Texas Motor Vehicle Safety Responsibility Act is a facially valid exercise of the State's inherent police power. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 99 (5th Cir.) (interpreting precodification statute), *cert. denied*, 513 U.S. 883, 115 S.Ct. 220, 130 L.Ed.2d 147 (1994); *Riggle v. State*, 778 S.W.2d 127, 129 (Tex.App.—Texarkana 1989, no writ) (same). The Act provides in part: "A person *may not operate* a motor vehicle in this state unless financial responsibility is established for that vehicle ...." Tex. Transp. Code Ann. § 601.051 (emphasis added). The plaintiffs admit that they failed to establish financial responsibility when stopped. *See* Complaint at 6–23. Because of this failure, the plain language of the statute prohibited the plaintiffs from continuing to operate their vehicles. Thus, the defendants' Do Not Drive policy, a neutral application of the unambiguous language of a facially valid statute, did not violate the plaintiffs' constitutional rights and cannot serve as a basis for liability under § 1983. See *Siegert*, 500 U.S. at 234–35, 111 S.Ct. 1789 (no § 1983 liability if no constitutional violation).

### 2. *Towing Policy*

The Fourth Amendment ensures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures ...." U.S. Const. amend. IV. The Fourteenth Amendment prohibits a State from "depriv[ing] any person of life, liberty, or property, without due process of law ...." *Id.* amend. XIV § 1. These freedoms are among the most basic, treasured, and clearly established rights provided by the Constitution. But by their own terms, these amendments do not prohibit *all* governmental intrusion. The Fourth Amendment prohibits only unreasonable searches and seizures, see, e.g., *Brower v. County of Inyo*, 489 U.S. 593, 599, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989), and the Fourteenth Amendment permits the deprivation of life, liberty, and property if the government provides certain procedural safeguards, see, e.g., *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

■ In the instant case, the plaintiffs claim that the seizure of their vehicles violated their constitutional rights. The court disagrees. The plaintiffs admit that they failed to establish financial responsibility for their vehicles when stopped. *See* Complaint at 6–23. Because the plaintiffs failed to establish financial responsibility, the police officers clearly had probable cause to believe that the vehicles had been and were being used in the commission of an offense.[2] Compare Tex. Transp. Code Ann. § 601.053(b) (operator who does not exhibit evidence of financial responsibility is presumed to have operated his vehicle in violation of the law) with § 601.191 (a person commits an offense if he operates his vehicle in violation of the Motor Vehicle Safety Responsibility Act). See *United States v. Walker*, 960 F.2d 409, 416 (5th Cir.) (warrantless seizure not a violation of Fourth Amendment where officer had

---

1. Municipalities and other local governmental bodies, as well as individuals, qualify as "persons" within the meaning of § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 689–90, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

2. The fact that several of the plaintiffs ultimately were acquitted does not impart § 1983 liability. See *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released.").

probable cause for arrest), *cert. denied,* 506 U.S. 967, 113 S.Ct. 443, 121 L.Ed.2d 362 (1992). A warrantless seizure, based upon probable cause, is a reasonable exercise of police power. See *id.* Because the seizures in this case were reasonable, they did not violate the plaintiffs' constitutional rights and may not serve as a predicate for liability under § 1983. See *Siegert,* 500 U.S. at 234–35, 111 S.Ct. 1789.

The plaintiffs also claim that the subsequent impoundment of their vehicles deprived them of property without due process of law. The court disagrees. "The usual rule has been '[w]here only property rights are involved, mere postponement of the judicial enquiry is not a denial of due process, if the opportunity given for ultimate judicial determination of liability is adequate.'" *Parratt,* 451 U.S. at 540, 101 S.Ct. 1908 (quoting *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 611, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974) (quoting *Phillips v. Commissioner,* 283 U.S. 589, 596–597, 51 S.Ct. 608, 75 L.Ed. 1289 (1931))). The plaintiffs admit that they were given an opportunity to contest the charges against them and, in all but one case,[3] that they recovered their vehicles upon showing proof of financial responsibility and paying the fines and impound fees. *See* Complaint at 6–23. Because of the exigency of the circumstances and the impracticability of providing meaningful predeprivation process, the postdeprivation process afforded to the plaintiffs satisfied the requirements of the Fourteenth Amendment. See *Parratt,* 451 U.S. at 539, 101 S.Ct. 1908. Thus, the Towing policy was not unlawful and dismissal of the plaintiffs' federal claims is appropriate. See *Siegert,* 500 U.S. at 234–35, 111 S.Ct. 1789.

## C. State Law Claims

The Texas constitution, like the United States Constitution, protects individuals from governmental intrusion. Section 9 of the Texas Bill of Rights ensures the security of the people "in their persons, houses, papers and possessions, from all unreasonable seizures or searches . . . ." Tex. Const. art. I, § 9. Section 19 of the Texas Bill of Rights prohibits the deprivation "of life liberty, property, privileges, or immunities . . . except by the due course of the law of the land." *Id.* § 19. These provisions are generally interpreted as providing protection equivalent to that of their federal analogues. See, e.g., *Arrington v. County of Dallas,* 970 F.2d 1441, 1447 (5th Cir.1992) (Art. I, § 19 "due course of the law" identical to Fourteenth Amendment "due process"); *Johnson v. State,* 912 S.W.2d 227, 234–35 (Tex.Crim. App.1995) (Art. I, § 9 protects in the same manner as the Fourth Amendment). Thus, for the reasons stated above regarding the plaintiffs' federal claims, the court finds that the plaintiffs have failed to state a claim against the defendants under the Texas constitution.[4]

## III. CONCLUSION

For the reasons stated, the defendants' motion to dismiss is **GRANTED.**

**SO ORDERED.**

---

**3.** The plaintiff Dixie Patapoff claims that she was unable to locate her car following impoundment. Complaint at 17. If her car was, in fact, lost, stolen or sold, then the proper means of redress is a state suit under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem.Code Ann § 101.001 *et seq.* (Vernon 1997), not a federal suit under § 1983. See *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (no due process violation for intentional deprivations of property where postdeprivation remedies are available); *Parratt,* 451 U.S. at 543–44, 101 S.Ct. 1908 (same for negligent deprivations).

**4.** Had the plaintiffs pled an actual constitutional violation, dismissal of their state claims would still be proper. There is no implied private right of action for damages for violations of the Texas Bill of Rights. *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 149 (Tex.1995); *University of Texas System v. Courtney,* 946 S.W.2d 464, 469 (Tex.App.—Fort Worth 1997, writ denied).