# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-10512
Summary Calendar

JOEL R. MARICLE; JEREMY STONE; GABRIELLE LINTON;
JEFF FOSTER; LEONARD RAY HARRISON; JEFF JONES;
JAY E. LOWE; DAVID McCULLOUGH; JOYCE OAKS, on
behalf of Renador Oaks; DIXIE PATAPOFF; ELLA REYNOLDS
RELFORD; BOBBY RAY REYNOLDS, JR.; QUINTIS WEATHERALL;
RICHARD LYNN WILSON; BILLY HIGHTOWER; MYREO SAMPSON,

Plaintiffs-Appellants,

versus

LANA BIGGERSTAFF, Individually and in her capacity as Chief of
Police of Commerce, Texas; CITY OF COMMERCE,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-3029)

January 8, 1999

Before POLITZ, Chief Judge, DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]


        Plaintiffs appeal the Fed.R.Civ.P. 12(b)(6) dismissal of their suit against Lana

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Biggerstaff and the City of Commerce, Texas. For the reasons assigned, we affirm.

## BACKGROUND

Plaintiffs sued the city of Commerce and its police chief under 42 U.S.C. § 1983, contending that the city's "Do Not Drive Policy" and "Towing Policy" deprived them of their property rights without due process of law. These policies prohibit a driver who cannot produce current proof of automobile liability insurance from taking the vehicle from the scene of a traffic stop and allow the police to impound any such automobile. Texas law provides that drivers cannot "operate" a vehicle unless proof of insurance is "established."[1]

The district court granted the defendants' motions to dismiss, finding that the plaintiffs had not alleged the violation of a constitutional right. Specifically, the court held that the "Do Not Drive Policy" was permitted by the Texas insurance statute and that this statute previously was found constitutional by this court. Further, the trial court found that the "Towing Policy" was constitutional because the failure to demonstrate proof of insurance provides probable cause for the seizure of the vehicle and because the postdeprivation remedies provided adequate due process. Plaintiffs timely appealed.

## ANALYSIS

We review *de novo* a district court's ruling on a motion to dismiss for failure to state a claim.[2] Our review of the record and briefs discloses no reversible error and,

---

[1] Tex. Transp. Code Ann. § 601.051.

[2] **Radford v. General Dynamics Corp.**, 151 F.3d 396 (5th Cir. 1998).

2

accordingly, on the facts as found, the authorities cited, and analysis made by the district court in its Memorandum Order granting defendants' motions to dismiss signed April 1, 1998, and the Memorandum Order denying plaintiffs' motion for reconsideration signed April 15, 1998, the judgment appealed is AFFIRMED.