IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20901
Conference Calendar

_____


GENE E. HOWLAND,

Plaintiff-Appellant,

versus

READORE; COONS, Lieutenant; K.W. BERRY, Major;
NFN ROBINSON; J.C. STRICKLIN; D.R. FLANERY;
NFN TUNCHES; RANKIN, Sergeant; TOMMY B. THOMAS;
NFN HANKA, Sergeant,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-1669
- - - - - - - - - -
August 22, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Gene E. Howland, Texas state prisoner # 518149, proceeding

pro se and in forma pauperis (IFP), appeals the district court's

dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for

failure to state a claim upon which relief may be granted. *See*

28 U.S.C. § 1915(e)(2)(B). On appeal, Howland raises the

following arguments: (1) the district court caused him to lose

valuable rights, privileges, and immunities due to his lack of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

knowledge or experience in the judicial process; (2) the district court ruled on a motion to dismiss the defendants in their official capacity, which Howland asserts was not presented to the district court; (3) the district court exhibited prejudice and bias against him; (4) the district court's dismissal violated his right to seek redress before a jury; (5) the defendants violated his right to due process under the Fourteenth Amendment during a prison disciplinary proceeding arising out of Howland's failure to wear prison-issued clothing; (6) the defendants filed false disciplinary reports against Howland; (7) the defendants conducted retaliatory searches and seizures; (8) the defendants were negligent in their hiring and training of prison employees who conducted the searches of Howland's prison cell; and (9) Howland was not afforded the opportunity to amend and remedy the deficiencies in his complaint.

Howland's argument that the district court caused him to lose valuable rights, privileges, and immunities fails to identify any specific error committed by the district court. Contrary to Howland's second assertion, the defendants filed a motion to dismiss the complaint against them in their official capacity. The district court then properly ruled on the defendants' motion. Howland has failed to identify bias or prejudice on the part of the district court. *See Liteky v. United States*, 510 U.S. 540, 555 (1994)(holding that an adverse ruling alone does not indicate bias). The district court dismissed Howland's complaint as frivolous and for failure to

state a claim; therefore, he did not demonstrate that his complaint was adequate to proceed to trial. *See* § 1915(e)(2)(B).

The disciplinary proceedings instituted against Howland resulted only in 15 days' loss of commissary and visitation privileges. As such, Howland has not stated cognizable due process or false disciplinary claims. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Although Howland contends that he has witnesses to testify that the defendants hired other inmates to assault him, he does not allege that any such assault occurred and has failed to demonstrate an adverse retaliatory action. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Howland has failed to demonstrate that the searches of his prison cell were done in retaliation for his filing grievances. *See Block v. Rutherford*, 468 U.S. 576, 590-91 (1984)(holding that random, irregular searches of a prisoner's cell are constitutional); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)(conclusional allegations are insufficient to establish a claim that defendants acted with retaliatory intent). Because he has not demonstrated that the prison cell searches were retaliatory in nature, Howland has failed to demonstrate that the prison officials were negligent in hiring, training, or supervising the defendants who conducted the searches of Howland's prison cell.

Finally, Howland's argument that he was not afforded the opportunity to amend his deficient complaint is not true. After it reviewed Howland's original complaint, the district court

ordered him to file a more definite statement. Howland filed a more definite statement, but still failed to state a meritorious claim. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 98 n.5 (5th Cir. 1994)(noting that a plaintiff proceeding pro se and IFP is not entitled to repeated opportunities to articulate the factual basis of his claim).

The district court correctly determined that Howland's complaint was frivolous and failed to state a claim upon which relief may be granted. Accordingly, the district court's judgment is AFFIRMED. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996)(affirmance of the district court's dismissal as frivolous counts as a single strike). Howland had accumulated two strikes prior to filing the notice of appeal in this case. *See Howland v. Thomas*, No. H-96-1714 (S.D. Tex. Dec. 9, 1996); *Howland v. Dix*, No. G-95-732 (S.D. Tex. Apr. 9, 1998). He now has three strikes for purposes of § 1915 and is prohibited from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Carson v. Johnson*, 112 F.3d 818, 819 (5th Cir. 1997).

AFFIRMED; 28 U.S.C. § 1915(g) BAR IMPOSED.