IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41294
Summary Calendar
_____

PAUL DOUGLAS KELLY,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Etc.; ET AL.,

                                        Defendants,

WAYNE SCOTT, Executive Director, Texas Department of
Criminal Justice; JIM SHAW, Regional Director, Texas
Department of Criminal Justice, Institutional Division;
JAMES G. McGEE, Plant Manager, Meat Packing Plant;
BOBBY G. BRITT, Plant Maintenance, Meat Packing Plant;
MAURIS WAYNE ENGLEDOW, Industrial Supervisor; DAVID C.
BREWSTER, Industrial Supervisor,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-267
--------------------
December 13, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Paul Douglas Kelly, Texas prisoner #711287, appeals from the

dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for

failure to state a claim.  Kelly contends that the magistrate

judge erred by dismissing his complaint without requiring the

defendants to testify about their normal operating procedures;

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the magistrate judge erred by dismissing his claims regarding deliberate indifference to his work safety; that the magistrate judge erred by holding that the delay in obtaining medical care for his foot did not constitute deliberate indifference; that the magistrate judge erred by not appointing counsel to represent him; that the magistrate judge failed to construe his complaint liberally; and that the magistrate judge failed to question those present at his *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), hearing sufficiently to determine whether his complaint was frivolous or failed to state a claim.

Kelly does not brief whether the magistrate judge erred by holding that Executive Director Wayne Scott and Regional Director Jim Shaw could not be held vicariously liable. He has failed to brief the dispositive issue for appeal regarding Scott and Shaw. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The dismissal of Scott and Shaw is AFFIRMED.

Regarding Kelly's claim against Meat Packing Plant Manager James G. McGee for the work accident, Kelly alleged in his complaint that he sought to hold McGee liable for failing to ensure a safe working environment and failing to ensure quality-assurance inspections; he did not allege any specific facts in his complaint or his *Spears* testimony relevant to his work-accident claim against McGee. Conclusional allegations are insufficient to give rise to an action under 42 U.S.C. § 1983. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 99 (5th

Cir. 1994). The dismissal of the workplace-safety claim against McGee is AFFIRMED.

Kelly alleged in his complaint and his *Spears* hearing testimony that he had experienced an accident involving the angle irons in June 1998; that he had reported that accident to Industrial Supervisor Mauris Wayne Engledow and Industrial Supervisor David C. Brewster; that Engledow and Brewster had indicated that the problem would be addressed; and that Plant Maintenance Manager Bobby G. Britt would have been notified by Engledow and Brewster in the normal course of events. If Kelly's allegations are true, the problem with the protruding angle irons was not fixed by August, when Kelly experienced the accident that crushed and severely lacerated his foot. Nor was Kelly provided with safety instruction relevant to his job or instruction regarding the particular forklift he alleged he was driving on the day of the second accident. Kelly has alleged facts giving rise to a nonfrivolous claim that Engledow, Brewster, and Britt were deliberately indifferent to his work safety. *See Jackson v. Cain*, 864 F.2d 1235, 1245 (5th Cir. 1989). The dismissal of Kelly's work-accident claim as to Engledow, Brewster, and Britt as frivolous and for failure to state a claim therefore was erroneous. If Kelly can prove, as he has alleged, that these defendants knew of a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it, then he can recover. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The dismissal of the suit as to Engledow, Brewster, and Britt with regard to the claim of deliberate

indifference to workplace safety is REVERSED, and this claim is REMANDED for further proceedings.

Neither Kelly's complaint nor his *Spears* hearing testimony suggested that the one-hour delay resulted in substantial harm to Kelly. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Moreover, the complaint and the *Spears* treatment indicated that McGee was negligent for failing to call for an ambulance. Such negligence does not give rise to an Eighth Amendment violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). The magistrate judge did not err by dismissing Kelly's medical-treatment claim as frivolous and for failure to state a claim. The dismissal of the medical-treatment claim against McGee is AFFIRMED.

There is no automatic right to appointment of counsel in a civil rights case. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). The district court has the discretion to appoint counsel if doing so would advance the proper administration of justice. *Id.* Kelly did not request counsel in the district court, and the correct outcome in Kelly's case could have been determined from the pleadings and the *Spears* testimony. The magistrate judge did not abuse her discretion in failing to appoint counsel sua sponte. The record indicates that the magistrate judge construed Kelly's complaint accurately and that she conducted the *Spears* hearing in a manner designed to flesh out Kelly's claims. *See Spears*, 766 F.2d at 181-82. Kelly's procedural contentions therefore are unavailing.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.