# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2011

No. 11-10240
Summary Calendar

Lyle W. Cayce
Clerk

BETHY JANETTE BURTON,

Plaintiff - Appellant

v.

REAGAN COUNTY; TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES - Adult Protective Services; MHMR SERVICES
FOR THE CONCHO VALLEY; BIG SPRING STATE HOSPITAL,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CV-64

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bethy Burton appeals the district court's order denying her three motions and dismissing her case with prejudice because her claims were frivolous. Burton's complaint, premised upon 42 U.S.C. § 1983, alleged that during and before 2004, the defendants violated her constitutional rights, as well as state and federal law. The violations alleged by Burton include that she was subject

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10240

to "a plurality of United States Bill of Rights Violations," church/state violations, bias crime, forced exile, animal cruelty, and cruel and unusual punishment.

The district court found that Burton's allegations were "wholly frivolous in both law and fact[,]" as they were "either not actionable under any set of facts or not actionable in a federal court of limited jurisdiction." Burton's claims, the district court added, were also time-barred by Texas state law. The district court accordingly denied Burton's motions to proceed *in forma pauperis* (IFP), for appointment of counsel, and for service of process by U.S. Marshal, and dismissed her case with prejudice.

We review for abuse of discretion a district court's dismissal of a complaint as frivolous. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). An IFP proceeding may be dismissed if the complaint "lacks an arguable basis in law or fact." *Id.; see* 28 U.S.C. § 1915(e)(2)(B)(i). The district court has broad discretion in making its determination that a complaint is frivolous. *Macias*, 23 F.3d at 97.

Burton argues "[t]he Complaint pleadings were not malicious or frivolous[, n]either were any delusions presented to the Court." Burton further argues that "[t]he facts are not 'fantastic' . . . and the 'legal theory' is relevant." Burton fails, however, to explain *why* her complaint is not deficient. Instead, her appellate briefs are conclusory, confirming that her claims are frivolous. *See Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir.1990).

Largely for the reasons articulated by the district court, it was not an abuse of discretion to deny Burton's motions and dismiss her case with prejudice.

AFFIRMED.