

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 14, 2015

Mr. William H. Kuntz, Jr.
Executive Director
Texas Department of Licensing and Regulation
Post Office Box 12157
Austin, Texas 78711

Opinion No. KP-0034

Re: Whether municipalities or local law enforcement agencies are authorized to impound a motor vehicle for lack of proof of insurance or financial responsibility (RQ-0014-KP)

Dear Mr. Kuntz:

Explaining that some cities are adopting ordinances that provide for "the impoundment of vehicles by local law enforcement for failure to maintain liability insurance or other forms of financial responsibility," you inquire about the authority of a municipality or local law enforcement agency to impound a vehicle for lack of proof of financial responsibility.[1]

We first consider the authority of local law enforcement agencies. The Motor Vehicle Safety Responsibility Act, found in chapter 601 of the Transportation Code, requires a person operating a motor vehicle in this state to establish financial responsibility for the vehicle. *See* TEX. TRANSP. CODE ANN. § 601.051 (West 2011); *see also id.* § 601.001 (identifying chapter as the "Texas Motor Vehicle Safety Responsibility Act"). A person operating a vehicle in this state shall on request "provide to a peace officer, as defined by Article 2.12, Code of Criminal Procedure, or a person involved in an accident with the operator evidence of financial responsibility." *Id.* § 601.053(a)(1)–(7) (West Supp. 2014) (listing methods by which to demonstrate evidence of financial responsibility).[2] A person who does not provide evidence of financial responsibility as requested "is presumed to have operated the vehicle in violation of Section 601.051." *Id.* § 601.053(b). The operation of a vehicle in violation of section 601.051 constitutes a criminal offense for which the operator may be arrested or cited. *Id.* § 601.191(a) (West 2011); *see also* TEX. CODE CRIM. PROC. ANN. arts. 14.01(b) (West 2015) (authorizing a peace officer to "arrest an

---

[1]*See* Letter from Mr. William H. Kuntz, Jr., Exec. Dir., Tex. Dep't of Licensing & Regulation, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 13, 2015), https://texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]With the 2013 enactment of Senate Bill 181, a person may provide evidence of financial responsibility with "an image displayed on a wireless communication device that includes the information required by Section 601.081 as provided by a liability insurer." TEX. TRANSP. CODE ANN. § 601.053(a)(2-a) (West Supp. 2014).

offender without a warrant for any offense committed in his presence or within his view"), 14.06(b) (authorizing a peace officer to issue a citation).

Chapter 545 of the Transportation Code expressly authorizes peace officers to remove a vehicle from a highway if the vehicle is "operated by a person an officer arrests for an alleged offense and the officer is required by law to take the person into custody." TEX. TRANSP. CODE ANN. § 545.305(a)(8), (b) (West 2011). Under chapter 545, a law enforcement agency may also "remove personal property from a roadway or right-of-way if the . . . law enforcement agency determines that the property . . . endangers public safety." *Id.* § 545.3051(b); *see id.* § 545.3051(a)(3)(A) (defining personal property to include vehicles under section 545.305). Accordingly, under certain circumstances, peace officers are authorized to remove a vehicle from a roadway, but that authority is not unfettered. The removal of a vehicle is a seizure of property afforded certain protections by the United States and Texas Constitutions. *See* U.S. CONST. amend. IV (ensuring "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures"); TEX. CONST. art. I, § 9 (providing that "[t]he people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures and searches"). The reasonable seizure or "[t]he impoundment of an automobile may be lawful under various circumstances." *Bass v. State*, 835 S.W.2d 815, 819 (Tex. App.—Beaumont 1992, no writ). Courts most often consider the reasonableness of an impoundment when a vehicle driver is arrested and challenges the legality of the impoundment and subsequent search. *See, e.g.*, *Benavides v. State*, 600 S.W.2d 809, 810–12 (Tex. Crim. App. 1980). The reasonableness of an impoundment involves various factors, including

> (1) the availability of someone at the scene of the arrest to whom the police could have given possession of the vehicle; (2) whether the vehicle was impeding the flow of traffic or was a danger to public safety; (3) whether the vehicle was locked; (4) whether the detention of the arrestee would likely be of such duration to require the police to take protective measures; (5) whether there was some reasonable connection between the arrest and the vehicle; and (6) whether the vehicle was used in the commission of a crime.

*Mayberry v. State*, 830 S.W.2d 176, 179–80 (Tex. App.—Dallas 1992, pet. ref'd) (citations omitted).

While such cases involve drivers unable to drive the vehicle because of an arrest, at least one Texas court has concluded that failure to establish financial responsibility may result in probable cause for a warrantless seizure, applying the reasonableness test to a driver who is unable to drive the vehicle for failure to provide evidence of financial responsibility. *See Maricle v. Biggerstaff*, 10 F. Supp. 2d 705, 706–08 (N.D. Tex. 1998) (upholding police decision to impound vehicles because none of the drivers could establish financial responsibility). A vehicle that is left on the highway or roadway because the driver is arrested or may no longer operate the vehicle may constitute a public safety hazard, and if so, the vehicle's impoundment could be a reasonable seizure. As a general matter, peace officers of the state, including those working for local law enforcement agencies and municipalities, may remove a vehicle from a roadway to protect the public safety and under reasonable circumstances when the driver fails to provide evidence of

financial responsibility.[3]  Whether a particular impoundment is constitutionally reasonable will depend on the facts in any given instance.

We next consider the authority of municipalities. Transportation Code chapter 601 does not expressly authorize a municipality to enforce the chapter's requirements by providing for the impoundment of vehicles. *See generally* TEX. TRANSP. CODE ANN. §§ 601.001–.454 (West 2011 & Supp. 2014). Neither does chapter 601 expressly prohibit a municipality from enforcing its provisions. *See id.* Under the Home-Rule Amendment, home-rule cities look "to the Legislature, not for grants of power, but only for limitations on their powers." *S. Crushed Concrete, L.L.C. v. City of Houston*, 398 S.W.3d 676, 678 (Tex. 2013); *see also* TEX. CONST. art. XI, § 5. So long as its acts are consistent with the state statutes and the constitution, a home-rule municipality has the "full power of local self-government." TEX. LOC. GOV'T CODE ANN. § 51.072(a) (West 2008). Thus, in the exercise of its self-government, a home-rule municipality may adopt an ordinance regarding the impoundment of vehicles for the offense of lack of financial responsibility, provided such an ordinance is not in conflict with any statute and conforms to the constitutional constraints previously discussed. *See generally* TEX. OCC. CODE ANN. § 2308.208 (West 2012) (authorizing a municipality to adopt an ordinance identical to or that imposes additional requirements and that is not in conflict with chapter 2308 to regulate unauthorized vehicles and towing of motor vehicles).

In contrast, a general-law municipality is a creature of statute and possesses only those powers expressly granted by general law or implied therefrom. TEX. CONST. art. XI, § 4. A general-law municipality may adopt an ordinance or rule that is "for the good government, peace, or order of the municipality" and "is necessary or proper for carrying out a power granted by law to the municipality or to an office or department of the municipality." TEX. LOC. GOV'T CODE ANN. § 51.001 (West 2008); *see also id.* § 51.012 (providing a Type-A general-law municipality with authority to adopt an ordinance "not inconsistent with state law, that is necessary for the government, interest, welfare, or good order of the municipality"). Provided there is no conflict with state statute or the U.S. or Texas Constitutions, an ordinance providing for the removal or impoundment of the vehicle of a driver arrested or cited for the offense under section 601.051 may serve the peace and good order of a municipality by removing a potential traffic obstacle as well as protecting private property. In addition, such ordinance must be necessary or proper to carry out the power vested in law enforcement agencies to impound a vehicle incident to arrest.

Your request letter also includes a concern regarding municipal ordinances that condition the release of the impounded vehicle on presentation of valid liability insurance. *See* Request Letter at 1. Assuming, based on our analysis above, that a municipality may adopt an ordinance providing for the impoundment of a vehicle when the driver provides no evidence of financial responsibility, we consider whether such authority includes authority to condition the release of

---

[3]You raise the existence of several bills that have failed to pass. Request Letter at 1 (referring to bills from several previous legislatures as well as from the current Eighty-fourth Legislature). You describe these bills as providing express authorization for law enforcement agencies to impound a vehicle in various circumstances and suggest that without such express authority, a local law enforcement agency lacks authority to impound a vehicle. *See id.* Courts find "no controlling significance to the Legislature's failure to enact legislation." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009). Thus, it cannot be implied from the fact that the Legislature did not enact these bills that a local law enforcement agency is without impoundment authority.

the vehicle on presentation of valid liability insurance. Contained within chapter 2303 of the Occupations Code governing vehicle storage facilities, section 2303.160 provides for the release of an impounded vehicle. *See* TEX. OCC. CODE ANN. § 2303.160(b) (West 2012); *see also id.* §§ 2303.001–.305 (West 2012 & Supp. 2014) (governing vehicle storage facilities). Section 2303.160 requires a vehicle storage facility to release a vehicle to the owner or operator who pays any lawful charges and provides valid photo identification. *See id.* § 2303.160(c) (West 2012). While it expressly states that evidence of financial responsibility must be accepted by a vehicle storage facility "as an additional form of identification that establishes ownership or right of possession or control of the vehicle," nowhere in section 2303.160 has the Legislature conditioned release of a vehicle upon a showing that the owner or possessor has complied with all motor vehicle safety laws such as providing evidence of financial responsibility. *Id.* § 2303.160(b). Presumably, section 2303.160 evidences an intent to limit the release of a vehicle based on proper identification of a person as the owner or operator rather than on the person's compliance with traffic laws. Yet, a municipality that requires a vehicle storage facility to verify proof of financial responsibility as a condition of release of an impounded vehicle, in essence, attempts to delegate the law enforcement duty of enforcing traffic laws to a vehicle storage facility. A court would likely conclude that such a duty may exceed the authority placed on a vehicle storage facility by statute.

Moreover, the Legislature has expressly required the demonstration of proof of financial responsibility in only limited instances. Section 601.053 of the Transportation Code requires the operator of a vehicle to provide, on request, to a peace officer evidence of financial responsibility. TEX. TRANSP. CODE ANN. § 601.053(a) (West Supp. 2014); *see also id.* § 601.053(c) (providing a means for the peace officer to verify the validity of the proof). A vehicle operator must also provide proof of financial responsibly to a person with whom the vehicle operator is in an accident. *See id.* § 601.053(a). Finally, a person charged with the offense of operating a vehicle without proof of financial responsibly may produce proof of financial responsibility valid at the time of the offense to a judge as a defense to prosecution. *See id.* § 601.193(a) (West 2011). These provisions indicate that the Legislature knows how to require evidence of proof of financial responsibility, and it has not done so with respect to the release of vehicles from a vehicle storage facility. *See Zanchi v. Lane*, 408 S.W.3d 373, 380 (Tex. 2013) (relying on principle of statutory construction that the Legislature knows how to enact laws effectuating its intent). A requirement that a person demonstrate proof of financial responsibility as a condition to securing release of an impounded vehicle places a burden on the vehicle storage facility and the person that is not in the statute. And while a municipal ordinance may impose more stringent standards than a statute on the same subject in many instances, one that serves to narrow or restrict a state statute could be determined by a court to conflict with the statute. *See* Tex. Att'y Gen. Op. No. KP-0026 (2015) at 3–4 (concluding that a city charter provision precluding from serving on a board a person eligible to serve under state statute would be inconsistent with state law).

For these reasons, a court would likely conclude that a municipality may not condition release of a vehicle impounded for lack of evidence of financial responsibility upon presentation of such evidence to a vehicle storage facility.

## S U M M A R Y

Under constitutionally reasonable circumstances, peace officers of the state, including those working for local law enforcement agencies and municipalities, may impound a vehicle to protect the public safety when the driver fails to provide evidence of financial responsibility. A home-rule municipality, and likely a general-law municipality, has authority to adopt an ordinance regarding the impoundment of vehicles for the offense of lack of financial responsibility provided that such an ordinance is not in conflict with any statute and also conforms to any constitutional constraints.

A court would likely conclude that a municipality may not condition release of a vehicle impounded for lack of evidence of financial responsibility upon presentation of such evidence to a vehicle storage facility.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee