**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-40724
Summary Calendar
_____

ARTHUR J. THOMPSON, JR.,

Plaintiff-Appellant,

VERSUS

WAYNE SCOTT,
Director, Texas Department of Criminal Justice,
Institutional Division;
DAN MORALES, Attorney General; TIMOTHY WEST, Warden;
JACK MANGRUM, Captain; KEITH GORSUCH;
JOHN ALLEN, Lieutenant; BILLYE FORREST, Lieutenant;
BRYAN SEWELL, Correctional Officer;
JOHN DOE, Correctional Officer; JANE DOE, Correctional Officer;
JOHN DOE, Director of Health Administration,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
(1:95-CV-1024)
- - - - - - - - - -
June 4, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Arthur Thompson, Jr., a state prisoner, appeals an order dismissing his civil rights action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We dismiss the appeal as frivolous.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under 28 U.S.C. § 1915(e)(2)(B)(i), a prisoner's civil rights action may be dismissed as frivolous if it has no arguable basis in law or in fact. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). We review for abuse of discretion. Siglar, 112 F.3d at 193. Thompson challenges the dismissals of his excessive force, denial of access to the courts, denial of medical care, inadequate diet, and free exercise claims. Each claim is insufficient.

Regarding his excessive force claim, Thompson must "establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm,' and that he suffered an injury." Eason v. Holt, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992) (alteration in original)). Thompson's factual allegations fail to establish this, but rather reflect that minimal force was used in an effort to restore order. The district court did not, therefore, abuse its discretion in dismissing this claim as legally frivolous.

Regarding his denial-of-access-to-the-courts claim, Thompson has failed to indicate how he was prejudiced by the confiscation of his legal papers. See Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992). Regarding his assertions of denial of medical care and inadequate diet, Thompson does not provide any argument in support of this issue and does not identify the purportedly unresolved factual issue(s). Accordingly, he has failed to show that the district court abused its discretion in dismissing this claim as

2

frivolous.

Regarding his free exercise claim, Thompson contends that he was ordered to stop his "fasting prayer," in violation of the First Amendment. Although reasonable opportunities must be afforded to prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments, Pedraza v. Meyer, 919 F.2d 317, 320 (5th Cir. 1990), Thompson's conclusional argument fails to demonstrate either that a practice of his religion was infringed upon, or that any such infringement was unreasonable.

The preceding demonstrates that the district court did not abuse its discretion in dismissing the complaint as frivolous. Because this appeal is also frivolous, it too is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Because Thompson has already been warned that the filing of a frivolous appeal would invite the imposition of a sanction, see Thompson v. Morales, No. 98-40723 (5th Cir. Feb. 19, 1999), we accordingly BAR Thompson from filing any future pro se pleading or appeal in any court subject to our jurisdiction without the advance written permission of a judge of the forum court. The clerk of this court and the clerks of all federal district courts in this circuit are DIRECTED to return to Thompson, unfiled, any attempted submission inconsistent with this bar. To obtain such permission, Thompson must send a letter, requesting such permission and attaching copies of the proposed filing and this order to the clerk of this court.

APPEAL DISMISSED; SANCTION IMPOSED.

3