IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60233
Summary Calendar

_____

ROBERT E. TUBWELL,

Plaintiff-Appellant,

versus

RAYMOND ROBERTS, Superintendent, Mississippi
State Penitentiary; JOHN WESTLY BECK, Area
III Warden, Mississippi State Penitentiary;
CAROL ARNOLD, Superintendent's Secretary/Clerk,
Mississippi State Penitentiary; KENARD WEST, K-9
Unit Sergeant, Mississippi State Penitentiary;
ANTHONY PORTER, K-9 Unit Lieutenant, Mississippi
State Penitentiary; STANLEY FLAGG, Case Manager
Supervisor, Mississippi State Penitentiary; RONNIE
FLEMING, Unit Administrator, Mississippi State
Penitentiary; OLA RIMPSON, Assistant Unit Administrator,
Mississippi State Penitentiary; LINDA JONES, Disciplinary
Committee Member; PAM ROBINSON, Disciplinary Committee
Member; WILLIE FULLER,Disciplinary Committee Member;
ETHEL CARLIZE, Disciplinary Committee Chairperson,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:96-CV-47-S-A
_____

January 13, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robert E. Tubwell, Mississippi state prisoner #31930, filed a

civil rights complaint against various prison officials and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

employees alleging that he was penalized as a result of an unfair disciplinary proceeding that was not conducted with the requisite procedural safeguards. He further alleged that as a result of the disciplinary proceedings, he lost his class "A" classification, which resulted in the loss of his housing assignment and writ writing position and also affected the success of his future parole applications.

Tubwell alleged that the change in classification also deprived him of attending religious services along with his wife and spiritual speakers. Tubwell alleged that the disciplinary actions were filed in retaliation for his filing a grievance against certain officers and because of his writ writing activities.

Tubwell argues that the district court erred in granting the defendants' motion for summary judgment because it was not timely filed in accordance with the magistrate judge's scheduling order. The district court's order that Tubwell is referring to was an order that limited the time for the defendants to file a motion for summary judgment and/or to dismiss based on the defense of qualified immunity. The motion that was ultimately filed by the defendants was not based on the defense of qualified immunity and was timely under the magistrate judge's scheduling order. This claim has no merit.

Tubwell also argues that the district court should not have granted the defendants' motion because he was not allowed to obtain

2

sufficient discovery, and the magistrate judge did not give him sufficient time to file a response to the defendants' motion. The record reflects that Tubwell was in possession of the relevant documents necessary to respond to the motion and that he had more than sufficient time to respond, and did in fact respond, to the defendants' motion. This claim also has no merit.

Tubwell argues that the district court erred in granting the defendants' motion for a summary judgment because there are many outstanding genuine issues of material fact remaining with respect to his claims.

Although the magistrate judge granted the defendants' motion for summary judgment, the magistrate judge concluded that Tubwell had not stated a claim of constitutional significance. Therefore, the correct standard of review is that required for a Fed. R. Civ. P. 12(b)(6) ruling.

A district court's ruling on a Rule 12(b)(6) motion is subject to <u>de novo</u> review. <u>See</u> <u>Barrientos v. Reliance Standard Life Ins. Co.</u>, 911 F.2d 1115, 1116 (5th Cir. 1990). The motion may be granted only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>.

Tubwell argues that he was entitled to the procedural safeguards announced in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) in the light of the penalties resulting from the disciplinary

hearings. He also argues that the evidence presented at the hearing did not support the finding of guilt.

Tubwell has no liberty interest in his classification, work, or housing assignment, and, thus, cannot complain about any lack of procedural due process in connection with the loss of those privileges. See Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988); Meachum v. Fano, 427 U.S. 215, 225 (1976); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989).

The record also reflects that the decision of the disciplinary committee was not arbitrary and capricious because it was supported by evidence presented at the hearing. See Stewart v. Thigpen, 730 F.2d 1002, 1005-06 (5th Cir. 1982).

Insofar as the disciplinary violation may have influenced the decision of the parole board to deny Tubwell parole, he cannot complain because a Mississippi prisoner does not have a liberty interest in parole release. See Irving v. Thigpen, 732 F.2d 1215, 1217-18 (5th Cir. 1984); Scales v. Mississippi State Parole Bd., 831 F.2d 565, 566 (5th Cir. 1987); Harden v. State, 547 So. 2d 1150, 1152 (Miss. 1989).

Tubwell has not alleged facts that show that he has not been afforded a reasonable opportunity to exercise his religious freedom. His allegations merely reflect that he is not entitled to attend the services that may be attended by speakers and family members. Tubwell has not alleged a viable First Amendment claim. See Pedraza v. Meyer, 919 F.2d 317, 320 (5th Cir. 1990).

4

Tubwell has also failed to allege a constitutional retaliation claim because he has failed to allege a chronology of events from which retaliation may be plausibly inferred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Tubwell argues for the first time on appeal that the disciplinary committee and the classification committee consisted of the same individuals and that his punishment was approved in one proceeding without any break. He argues for the first time in his supplemental brief that because he was exonerated of the charge underlying the disciplinary charge in the state court, double jeopardy should have precluded his conviction. Tubwell also argues for the first time in his supplemental brief that because the district attorney *nolle prosequied* the charge against him, he has shown that the state court has invalidated the finding of his guilt in accordance with Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and, thus, he is entitled to seek damages. Id. at 15.

The court will not consider an issue that a party fails to raise in the district court in the absence of extraordinary circumstances. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Therefore, these claims are not subject to review.

The dismissal of Tubwell's complaint for failure to state a claim upon which relief may be granted is

A F F I R M E D.

5