United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41498
Conference Calendar

JOHNNIE R. PROPES,

Plaintiff-Appellant,

versus

J. MAYS, FNU JACKSON; DETENTION COLLIN COUNTY; FNU BOX;
COMMISSARY SALES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CV-237
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Johnnie R. Propes, Texas prisoner number 1178904, proceeding
pro se and in forma pauperis (IFP), appeals the dismissal of his
42 U.S.C. § 1983 action as frivolous and for failure to state a
claim upon which relief could be granted.

On appeal, Propes argues that the defendants deprived him of
his right to due process by overcharging him for prison
commissary purchases and by failing to investigate his complaint
that he was being overcharged. He further argues that his trust

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

account is a liberty interest protected under the Equal Protection Clause and that the theft of his property violated his equal protection rights.

We review a dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion.  Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001).  We review a dismissal for failure to state a claim upon which relief may be granted de novo.  Hart v. Hairston, 343 F.3d 762, 763-64 (5th Cir. 2003); § 1915(e)(2)(B)(ii).

Negligent or intentional deprivations of property by state officials do not rise to the level of due process violations if state law provides adequate post-deprivation remedies.  Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994).  Texas law provides an adequate post-deprivation remedy for the loss of property occasioned by the misconduct of state officials.  Id.

To the extent that Propes seeks relief for an alleged violation of his due process rights resulting from the prison's grievance procedures, the district court did not err in dismissing his claim as frivolous.  "A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005) (internal citation and quotation omitted).  Because Propes has no liberty interest in the resolution of his grievance concerning the loss of property, the defendants'

alleged failure to address his grievance does not constitute the violation of a constitutional right.

A prisoner's vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim. Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990). As Propes offers no supporting case law for his assertion that his funds are a liberty interest and no evidence that he is being treated differently from similarly situated white prisoners, his equal protection claims are vague and conclusory. Thus, Propes has failed to state a viable constitutional claim under § 1983 and the district court did not abuse its discretion by dismissing his complaint as frivolous. See Murphy, 26 F.3d at 543-44; Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999); § 1915(e)(2)(B)(i). Propes's appeal is frivolous and therefore is dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

In Propes v. Dretke, No. 04-50822 (5th Cir. Apr. 20, 2005), we imposed the 28 U.S.C. § 1915(g) bar against Propes. We warn Propes that further filing of frivolous complaints or pleadings may result in additional sanctions against him.

APPEAL DISMISSED; SANCTION WARNING ISSUED.