# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 09-20266
Summary Calendar

JULIAN CRUZ,

Plaintiff-Appellant

v.

Captain BILLYE J. FORREST; Lieutenant KESHA B. SMITH; Sergeant TAD W. HOWARD; Sergeant KAREN M. HUNT; Assistant Warden GARY A. HUNTER,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3300

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Julian Cruz, Texas prisoner # 921505, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) because it failed to state a claim recognized at law. Cruz argues that his confinement to administrative segregation based upon his alleged involvement in the Mexican Mafia violated his due process and equal protection rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In the absence of extraordinary circumstances, administrative segregation does not impose an atypical and significant hardship required to trigger the protections of the Due Process Clause. *See Hernandez v. Velasquez*, 522 F.3d 556, 562-64 (5th Cir. 2008); *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998); *Pichardo,* 73 F.3d 612, 612-13 (5th Cir. 1996); *Luken v Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Cruz has not demonstrated extraordinary circumstances in connection with his administrative segregation. *Cf. Wilkinson v. Austin*, 545 U.S. 209, 214 (2005); *Wilkerson v. Stalder*, 329 F.3d 431, 433, 435-36 (5th Cir. 2003). Moreover, Cruz's assertion that he might be monitored after his release from prison as a potential domestic terrorist does not demonstrate that his due process rights have been violated. "[S]peculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *See Luken,* 71 F.3d at 193. In addition, Cruz's assertions that state prison rules were broken in connection with his placement in administrative segregation do not state a constitutional claim. *See Jackson v. Cain*, 864 F.2d 1235, 1252 (5th Cir. 1989).

With respect to his equal protection claim, Cruz alleges that he was denied notice and a hearing before being segregated because he was an alleged member of the Mexican Mafia. Although he asserts that he has been treated differently from other prisoners placed in administrative segregation, he does not offer specific facts, other than those related to his own segregation, to support that assertion. Moreover, even though he alleges that his prison records were falsified to reflect that he received notice and a hearing before being segregated, he offers nothing, other than his own conclusional assertion, to show that the motive for such alleged falsification was due to the defendants' discriminatory intent towards prisoners alleged to be in the Mexican Mafia. A prisoner's vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim. *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990).

Cruz argues that the district court erred in dismissing his complaint without first conducting an evidentiary hearing. As Cruz has not shown that he could assert any viable claims if given an opportunity for additional factual development, the district court did not err in dismissing the complaint without conducting an evidentiary hearing. *See Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994).

Cruz's appeal lacks merit and is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Cruz's § 1983 suit pursuant to § 1915(e)(2)(B)(i), (ii) count as two strikes for purposes of § 1915(g), which places filing limits on in forma pauperis (IFP) prisoners who file frivolous lawsuits and appeals. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Cruz is advised that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.