# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2011

No. 10-11128
Summary Calendar

Lyle W. Cayce
Clerk

JOHNNY LEE GREGORY,

Plaintiff-Appellant

v.

C. MCKENNON, Warden, Lindsey State Jail; CAPTAIN J. BLACKWOOD;
CAPTAIN G. JAMES; CORRECTIONAL OFFICER K. STEVENS;
CORRECTIONAL OFFICER P. WRIGHT; CORRECTIONAL OFFICER J.
"COWBOY" FANT; CORRECTIONAL OFFICER C. HALE; MYRA L. WALKER,
RN, BSN; JANE DOE, Pharmacist; J. GRIGGS, Laundry Supervisor; JANE
DOE, Medical Employee; S. FLEMING, NP; B. LIVINGSTON, Commissioner,
TDCJ; CORRECTIONS CORPORATION OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-290

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Johnny Lee Gregory, Texas prisoner # 1509495, appeals the dismissal

pursuant to 28 U.S.C. § 1915A(b)(1) of his 42 U.S.C. § 1983 lawsuit against

fourteen defendants for failure to state a claim upon which relief may be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted. Gregory alleged that various aspects of prison life at the Lindsey State Jail and acts by corrections officers and medical staff there violated his constitutional rights under the Eighth Amendment's prohibition on cruel and unusual punishment, under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, or under all three constitutional provisions. He sought declaratory and injunctive relief, as well as compensatory and punitive damages.

"Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). The primary ways of affording opportunities to bring into focus the factual and legal bases of prisoners' claims are holding a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989), and requesting a more definite statement from the prisoner through a questionnaire. *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). When a district court has dismissed a pro se complaint without giving the plaintiff an opportunity to amend, we consider whether the plaintiff's "allegations, if developed by a questionnaire or in a *Spears* dialog, might have presented a nonfrivolous section 1983 claim." *Id.* If so, we will remand for the prisoner to have "an opportunity . . . to offer a more detailed set of factual claims." *Id.* at 10. However, these options are unnecessary where the facts alleged are "fantastic or delusional scenarios" or where the legal theory upon which a complaint relies is "indisputably meritless." *Id.* at 9 n.5 (internal quotation marks and citation omitted). In addition, we have held that error in failing to afford a prisoner the opportunity to amend his complaint "may be ameliorated . . . if the plaintiff has alleged his best case." *Bazrowx*, 136 F.3d at 1054. In this case, some claims and requested relief rested on indisputably meritless legal theories while others might have been remedied by more specific pleading.

*Meritless claims*

Gregory notified the district court that he was transferred from the Lindsey State Jail in Jacksboro, Texas, to the Byrd Unit in Huntsville, Texas, and then to the Neal Unit in Amarillo, Texas. Accordingly, we affirm the dismissal of his claims to the extent that he seeks declaratory and injunctive relief regarding the conditions and policies at the Lindsey State Jail. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). In addition, Gregory sued the individual defendants in their individual and official capacities, and he sought compensatory and punitive damages from each defendant. "[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacities." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Accordingly, we affirm the dismissal of his claims for money damages against all TDCJ employees, including Myra L. Walker and B. Livingston, to the extent that he has sued them in their official capacities. *See id.*; *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) ("This court may affirm on any basis supported by the record."). For the same reason, we affirm the dismissal of any claim for money damages against the TDCJ to the extent that Gregory sought that relief. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (holding that the TDCJ is immune from a suit for money damages).

Gregory has failed to brief any argument challenging the dismissal of the following claims: the ground in the recreation area is uneven (Claim II); the recreation area, which includes a basketball court, is too small (Claim III); the single roll of toilet paper and single bar of soap dispensed each week is insufficient even though prisoners are allowed to request additional soap and tissue paper (Claim IV); authorities allow excessive noise and generally fail to enforced prison rules (Claim V); that prison issued clothing is inadequate for cold and rainy outdoor weather (Claim VI); personal laundry cleaning procedures are inept and inadequate, prisoners are forced to wear thread-bare, stained, torn, or pieced together clothing, and bed linen is thread-bare, frayed, stained, and

discolored, all contrary to prison rules (Claim IX); the prison generally lacks panic buttons (Claim X); and he was "wrongfully placed in a queue for an interview that he was not a sanctioned part of" and suffered discomfort while forced to stand on his "swollen, gout-infected feet" (Claim XIV). While we liberally construe pro se briefs, pro se litigants must nevertheless brief arguments in order to preserve them. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008); *see also Brewster v. Dretke*, 587 F.3d 764, 768 n.2 (5th Cir. 2009) (holding that the prisoner failed to brief additional claims to which he made "passing reference"), *cert. denied*, 130 S. Ct. 3368 (2010). Gregory's attempt to incorporate his district court pleadings by reference "is insufficient to preserve error." *Perillo v. Johnson*, 79 F.3d 441, 443 n.1 (5th Cir. 1996). Moreover, these claims fail to include facts that allow a court "to draw the reasonable inference that the defendant[s] [are] liable" for Eighth Amendment violations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). There is no indication that his "allegations, if developed by a questionnaire or *Spears* dialog, might have presented a nonfrivolous section 1983 claim," *Eason*, 14 F.3d at 9, or that he did not plead his best case. *See Bazrowx*, 136 F.3d at 1054. Accordingly, we affirm the dismissal of these claims.

In Claim VII, Gregory alleged that the prison strip-searched inmates in a "shack" that "has no windows or doors, affords absolutely no protection from inclement weather, and is in view of the public parking area." However, neither his complaint nor his appeal brief alleges that he was strip searched in this manner. His appeal brief does not even include a reference to this claim other than a vague assertion that the Eighth Amendment includes the right to "Humane Treatment," *see Mapes*, 541 F.3d at 584 (holding that pro se litigants must brief arguments in order to preserve them), and his attempt to incorporate his district court pleadings by reference "is insufficient to preserve error." *Perillo*, 79 F.3d at 443 n.1. In addition, Gregory would lack standing to seek § 1983 damages for violations of other prisoners' rights, *see Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555, 560 n.1 (1992) (holding that a plaintiff lacks Article III standing where the alleged injury does not affect the plaintiff "in a personal and individual way"); *see also Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001) (holding that Article III standing is a jurisdictional requirement that may always be addressed for the first time on appeal), and his transfer out of Lindsey State Jail has foreclosed his request for declaratory and injunctive relief regarding this practice. *See Herman*, 238 F.3d at 665. Thus, nothing "in the complaint suggest[ed] that the insufficient allegations . . . might be remedied by a *Spears* hearing or the filing of a more definite statement." *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010). Therefore, we affirm the dismissal of this claim.

Gregory has arguably abandoned the dismissal of his claim that prison food is served cold, is served on unclean, broken trays, and is fortified with butter and starch because of its low nutritional value (Claim VIII). *See Mapes*, 541 F.3d at 584. In any case, nothing in the complaint suggested that the defendants were aware of these conditions, and nothing in the complaint suggested that the insufficient allegations against the defendants might be remedied by a *Spears* hearing or the filing of a more definite statement. *Green*, 623 F.3d at 280-81. Accordingly, we affirm the dismissal of this claim, as well.

In Claim XII, Gregory alleged that various defendants were liable for deliberate indifference to his medical needs on three occasions. In order for such a claim to be cognizable, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As with Eighth Amendment claims regarding conditions of confinement, a prisoner must allege that a prison official both knew of and disregarded an excessive risk to inmate health or safety in order to state an Eighth Amendment claim regarding deliberate indifference to serious medical needs. *Brewster*, 587 F.3d at 770. We have held that a delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and

"results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Unsuccessful medical treatment, acts of negligence, or medical malpractice is insufficient to establish an unconstitutional denial of medical care. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

At most, Gregory alleged delays in medical treatment, unsuccessful medical treatment, and acts of negligence or medical malpractice. In each incident regarding medical treatment, medical and pharmacy staff responded to Gregory's medical needs in some way, and in no case did he allege that any harm resulted from their actions. Also, his allegations regarding difficulties in filling his prescriptions do not support a reasonable inference that a prison official both knew of and disregarded an excessive risk to inmate health or safety. *See Brewster*, 587 F.3d at 770; *see also Iqbal*, 129 S. Ct. at 1949 (explaining federal pleading requirements). There is no indication that his "allegations, if developed by a questionnaire or *Spears* dialog, might have presented a nonfrivolous section 1983 claim," *Eason*, 14 F.3d at 9, or that he did not plead his best case. *See Bazrowx*, 136 F.3d at 1054. In fact, he fails to address these claims at all apart from his general assertion that the district court erred in dismissing his complaint, a few citations to his pleadings, and a single reference to the Eighth Amendment's guarantee of "Adequate medical care." He has thus abandoned any challenge to the district court's failure to allow him to develop the facts underlying the claims through a *Spears* hearing or a questionnaire. *See Mapes*, 541 F.3d at 584 (holding that pro se litigants must brief arguments in order to preserve them); *Eason*, 14 F.3d at 9 n.1 (holding that the prisoner "abandoned" other issues in his complaint by failing to raise them in his brief). To the extent that he challenges the dismissal of the claims under § 1915A(b)(1), we affirm. *See Iqbal*, 129 S. Ct. at 1949.

In Claim XIII, Gregory alleged that a corrections officer falsified a conduct report that led to Gregory's conviction during a prison disciplinary hearing, for which he was sentenced to several days in segregation and the loss of various

6

privileges. Gregory's sentence to several days in segregation does not implicate a liberty interest protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). In fact, Gregory concedes in his appeal brief that he did not lose good time credits. Therefore, any potential impact his discipline may have on the discretion of state authorities to release him early did not implicate a constitutionally protected liberty interest. *See id.* at 487. In addition, his vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim. *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990). Accordingly, we affirm the dismissal of this claim. *See Eason*, 14 F.3d at 9.

*Claims that might be remedied by more specific pleading*

In his first claim, Gregory complained that the "[o]utdoor recreation areas do not have toilet facilities or drinking-water facilities." The Supreme Court has identified exercise as "an identifiable human need" that may be protected by the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991). Although we have held that there is no per se constitutional right to exercise, we have recognized that the deprivation of exercise may constitute an impairment of health, which is actionable under the Eighth Amendment. *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.), *vacated in part and amended in part on other grounds*, 688 F.2d 266 (5th Cir. 1982)*; Miller v. Carson*, 563 F.2d 741, 751 n.12 (5th Cir. 1977). We have recognized that the absence of outdoor exercise opportunities may constitute an Eighth Amendment violation. *See Montana v. Commissioner's Court*, 659 F.2d 19, 22 (5th Cir. 1981), *abrogation on other grounds recognized by Henslee v. Lopez*, 20 F.3d 470 (5th Cir. 1994) (unpublished). "Of particular importance in determining an inmate's need for regular exercise are the size of his cell, the amount of time the inmate spends locked in his cell each day, and the overall duration of his confinement." *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986) (quoting *Ruiz*, 679 F.2d at 1152); *see also Ruiz*, 679 F.2d at 1152 ("These together with the inmate's physical and

other needs must be determined on the facts of each case and the evidence in each case should support the existence of any health hazard under the specific circumstances involved."). In his appeal brief, Gregory argues that the Eighth Amendment "encompasses the right to use the restroom without enforced loss of the right to outdoor recreation." Because this indicates that Gregory's "allegations, if developed by a questionnaire or *Spears* dialog, might have presented a nonfrivolous section 1983 claim," *Eason*, 14 F.3d at 9, we vacate the dismissal of this claim and remand for further proceedings. *See also Bazrowx*, 136 F.3d at 1054.

In his remaining claim, he asserted that two corrections officers violated his due process, equal protection, and Eighth Amendment rights (Claim XI). Gregory alleged that he was strip-searched and left completely naked in a small shower stall, about five feet from the open door, exposing him to freezing temperatures for approximately five hours. We have held that visual body cavity searches of prisoners can be constitutionally reasonable, but judging the reasonableness of such a search requires a balancing of the need for the particular search against the invasion of personal rights that the search entails while considering the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Elliott v. Lynn*, 38 F.3d 188, 191 (5th Cir. 1994). Gregory's "allegations, if developed by a questionnaire or *Spears* dialog, might have presented a nonfrivolous section 1983 claim." *Eason*, 14 F.3d at 9; *see also Hutchins v. McDaniels*, 512 F.3d 193, 195-97 (5th Cir. 2007) (remanding an inmate's § 1983 claim regarding an allegedly unconstitutional strip search that had been dismissed as frivolous and for failure to state a claim under § 1915A(b)(1)). Accordingly, we vacate the dismissal of this claim and remand the claim to the district court for further proceedings.

AFFIRMED IN PART; VACATED IN PART; REMANDED.