**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 15, 2011

Lyle W. Cayce
Clerk

No. 10-10879
Summary Calendar

TOMMY J HAMILTON,

Plaintiff-Appellant

v.

SERVICE KING AUTO REPAIRS; ENTERPRISE RENTAL CARS; OTHER JOHN DOES 1, 2, 3, 4,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1415

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tommy J. Hamilton, Texas prisoner # 687217, moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's denial of his IFP motion and certification that his appeal was not taken in good faith. He seeks to appeal the dismissal of his civil rights suit alleging that the defendants conspired to violate, and violated, his due process and equal protection rights by refusing to return his car to him because of his race. Hamilton's IFP motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the certification decision "must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Hamilton has not challenged the district court's denial of (1) his 42 U.S.C. § 1984 claim (2) his 42 U.S.C. § 1988 claim, or (3) his request for an opportunity to amend. Accordingly, he has abandoned any such arguments on appeal. *See Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005).

His failure to identify any error in the district court's dismissal of his 42 U.S.C. § 1983 claim on grounds that none of the defendants acted under color of state law "is the same as if he had not appealed that judgment." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). His claims of racial discrimination made pursuant to 42 U.S.C. §§ 1981-82 and 1985-86 are unsubstantiated and conclusory such that the district court correctly dismissed them as frivolous. *See Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990).

The instant appeal is without arguable legal merit and is frivolous. *See Howard*, 707 F.2d at 220. The district court's dismissal of the complaint and this court's dismissal of this appeal as frivolous combined count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Hamilton is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Hamilton's motions to proceed IFP and for appointment of counsel are DENIED, and his appeal is DISMISSED as frivolous pursuant to 5TH CIR. R. 42.2.