# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2012

No. 11-20838
Summary Calendar

Lyle W. Cayce
Clerk

RAMIRO GUERRA BOCANEGRA, SR.,

Plaintiff-Appellant

v.

OLIVER BELL; RISSIE OWENS; BRAD LIVINGSTON; STUART JENKINS;
KEITH WARREN; MARIA WOLSKY; URSULA CLARK; GEORGE C ZOLEY;
BEN REID, JR.; JORGE DOMINCIS; ERIC PIERSON; BRIAN JEFFREY;
TAMRILYN SIMIEM; JOHN ONTIVARAS; ROBERT MCKNIGHT,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2700

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ramiro Guerra Bocanegra, Sr., former Texas prisoner # 831945, appeals
the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state
a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  In his complaint, he alleged
that although he had been granted "liberty parole," he was being wrongfully

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

confined to a halfway house without due process or equal protection of the law. He contended that by placing him in a halfway house, the defendants forced him to endure prison-like conditions, deprived him of employment, and required that he perform forced labor. Bocanegra's motion for judicial notice, in which he advises that he is challenging the constitutionality of the Prison Litigation Reform Act and the exhaustion requirement for a habeas corpus petition, is GRANTED.

As an initial matter, Bocanegra has not shown that the district court clearly abused its discretion in denying his request for the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Also, to the extent that Bocanegra attempts to raise claims relating to religious freedom and his access to the courts, he did not raise these claims in the district court, and they will not be considered for the first time on appeal. *See Sama v. Hannigan*, 669 F.3d 585, 590 & n.7 (5th Cir. 2012).

We review de novo a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) using the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

With regard to his argument that the defendants violated his due process rights by placing him in a halfway house, Bocanegra fails to state a claim for relief because he does not show that the condition was stigmatizing or invasive. *See Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010). Moreover, a prisoner does not have a constitutional right to be housed in a particular facility. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *see also Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983).

No. 11-20838

Bocanegra's argument that the defendants interfered with his ability to obtain employment is belied by the record; his parole activity sheets reflect that he was allowed to leave the halfway house in search of employment and otherwise received "job assistance." His allegations with regard to being "forced" into "free labor" are conclusional, unsupported, and thus do not warrant relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Insofar as Bocanegra alleges an equal protection violation, his vague and unsubstantiated allegations that his equal protection rights have been violated are insufficient to raise a constitutional claim. *See Pedraza v. Meyer,* 919 F.2d 317, 318 n.1 (5th Cir. 1990). Lastly, any assertion that state rules and regulations were broken in connection with Bocanegra's parole does not state a constitutional claim. *See Jackson v. Cain*, 864 F.2d 1235, 1252 (5th Cir. 1989). Because Bocanegra failed to allege a constitutional violation, we AFFIRM the district court's dismissal of his § 1983 claims for failure to state a claim. *See Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 204 (5th Cir. 1994).

MOTION GRANTED; AFFIRMED.