# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2013

No. 12-50965
Summary Calendar

Lyle W. Cayce
Clerk

RONALD WILLIAMS,

Plaintiff-Appellant

v.

M. TRAVIS BRAGG, Warden, FCI La Tuna,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CV-475

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ronald Williams, federal prisoner # 10923-041, appeals the district court's dismissal of his civil action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Warden M. Travis Bragg violated his rights under the First Amendment and the Religious Freedom Restoration Act (RFRA) by cancelling the regular weekly Muslim congregational prayer service on May 20, 2011, and on several other occasions. Williams argues that the Warden's argument that the closure was due to security reasons is a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"catch-all defense" that could be used to justify any action, that the Warden did not show a compelling state interest or a legitimate penological interest for the cancellations of the services, and that he could have rescheduled the memorial service for the staff. He contends that the magistrate judge improperly made a credibility determination in favor of the Warden and should have accepted all of his allegations as true. Finally, he contends that the district court should not have granted the Warden's motion to dismiss or in the alternative for summary judgment before allowing him to conduct discovery and that the Warden was not entitled to qualified immunity.

We review the district court's grant of summary judgment de novo. *See United States v. Renda*, 709 F.3d 472, 478 (5th Cir. 2013). Contrary to Williams's argument, the district court accepted his allegations as true in determining whether the Warden had violated Williams's constitutional rights. A prisoner's constitutional right to freedom of religion is not violated by the occasional inability to attend services. *See Green v. McKaskle*, 788 F.2d 1116, 1126 (5th Cir. 1986). Thus, the district court did not err in determining that Williams did not meet his burden of showing that the occasional cancellation of Muslim services violated his rights under the First Amendment or substantially burdened his right of free exercise in violation of the RFRA. *See Diaz v. Collins*, 114 F.3d 69, 71-72 (5th Cir. 1997); *Green*, 788 F.2d at 1126; *White v. Labrado*, 51 F. App'x 929, 929 (5th Cir. 2002). Because Williams failed to show that the Warden violated his clearly established rights under the First Amendment or the RFRA, it is unnecessary to address whether the district court erred in determining that Warden Bragg was entitled to qualified immunity. *See Bishop v. Arcuri*, 674 F.3d 456, 460 (5th Cir. 2012). Williams's argument that the district court erred in dismissing his complaint before allowing him to conduct discovery is without merit because until the "'threshold immunity question is resolved, discovery should not be allowed.'" *See Williamson v. United States*

*Dep't of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

AFFIRMED.