# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30269
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2016

Lyle W. Cayce
Clerk

MOHAMMED AHMED HASSAN ABDALLAH OMRAN,

Plaintiff - Appellant

v.

DEPUTY METREJEAN; STEVE PRATOR; ROBERT WYCHE; SERGEANT ROBINSON,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 4:14-CV-3128

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mohammed Ahmed Hassan Abdallah Omran (federal inmate no. 12752-049; Louisiana inmate no. 121227; ICE no. A079680001) filed this *pro se* action, pursuant to 42 U.S.C. § 1983, against several employees of the Louisiana Caddo Correctional Center (CCC), claiming, *inter alia*, violations of his right to religious freedom under the First and Fourteenth Amendments. The district

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

court:  dismissed Omran's complaint for failure to state a claim upon which relief may be granted and as frivolous; and permitted him to proceed *in forma pauperis* (IFP) on appeal.  *See* 28 U.S.C. §§ 1915, 1915A.  Because Omran again proceeds *pro se*, his brief is entitled to liberal construction; however, his contentions must be briefed to be preserved.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

The dismissal of a complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) is reviewed for abuse of discretion; a dismissal under § 1915A is reviewed *de novo.  Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  Because the magistrate judge's report and recommendations, later adopted by the district court, referenced both statutes, the issues are reviewed *de novo. Id.*  A plaintiff fails to state a claim upon which relief may be granted where he fails to show "enough facts to state a claim to relief that is plausible on its face".  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is "frivolous if it does not have an arguable basis in fact or law".  *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).

Under the First Amendment, as incorporated by the Fourteenth, prison officials must afford prisoners "reasonable opportunities" to exercise their religious freedom.  *Pedraza v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990).  And, to state a Fourteenth-Amendment equal-protection claim, Omran must allege "purposeful discrimination resulting in a discriminatory effect among persons similarly situated".  *Adkins v. Kaspar*, 393 F.3d 559, 566 (5th Cir. 2004) (quoting *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992)).  The Fourteenth Amendment, however, "does not demand that every religious sect or group within a prison . . . have identical facilities or personnel".  *Id.* (internal quotation marks omitted).

No. 15-30269

Omran's religious-freedom assertions hinge on CCC Deputy Metrejean's statement that Omran could not set up a study table, without prior permission, in a recreation area to read the Quran. Following that incident, however, CCC officials told the Deputy that Omran was allowed to set up his table, and Omran does not allege any further interference with his ability to practice his religion. A prisoner's constitutional right to freely exercise his religion is not violated by the occasional inability to practice. *Williams v. Bragg*, 537 F. App'x 468, 468 (5th Cir. 2013) (citing *Green v. McKaskle*, 788 F.2d 1116, 1126 (5th Cir. 1986)). Furthermore, Omran alleged no facts showing any CCC regulation or policy prohibited his exercise of religion or denied him a reasonable opportunity to exercise his religious beliefs. *See*, *e.g.*, *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 862 (5th Cir. 2004); *Pedraza*, 919 F.2d at 320.

Additionally, Omran fails to state a claim against Sheriff Prator, because he makes no allegations against him. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). His retaliation claim against Deputy Metrejean is raised for the first time on appeal, and therefore is not considered. *Yohey*, 985 F.2d at 225. Finally, Omran fails to brief his Religious Land Use and Institutionalized Persons Act claim on appeal, and has therefore abandoned it. *Id.* at 224–25.

The district court's dismissal of Omran's claims counts as a strike for purposes of § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015). Omran is WARNED that, once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED.